# IN THE COURT OF APPEALS OF IOWA

No. 20-1086
Filed September 22, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JACOB EUGENE JIMENEZ,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Amy M. Moore, Judge.


Jacob Jimenez appeals the district court's application of the relevant juvenile sentencing factors. **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Seventeen-year-old Jacob Eugene Jimenez pled guilty to first-degree robbery, first-degree burglary, and willful injury resulting in serious injury, as well as third-degree burglary in a separate case. The district court sentenced him to a prison term not exceeding twenty-five years on the robbery count, with a minimum sentence of seventeen and one-half years, which was to run consecutively to the sentences on the remaining two counts and consecutively to the sentence imposed in the separate case.

On appeal, Jimenez contends the district court abused its discretion in applying the juvenile sentencing factors applicable to the mandatory minimum sentence on the robbery count. *See State v. Majors*, 940 N.W.2d 372, 385–86 (Iowa 2020) (stating "the sentencing court must consider the *Miller*/*Lyle*/*Roby* factors in an individualized sentencing hearing if it is contemplating imposing a mandatory minimum sentence on a juvenile offender" and "[i]f the sentence imposed is within the statutory limits, . . . we review for an abuse of discretion"); *see also Miller v. Alabama*, 567 U.S. 460, 477 (2012) (identifying the "hallmark features" of youth)[1]; *State v. Roby*, 897 N.W.2d 127, 144 (Iowa 2017) ("We endorse the five factors identified in *Miller* as guideposts for courts to follow. . . . [T]he factors generally serve to mitigate punishment, not aggravate punishment." (citation omitted)); *State v. Lyle,* 854 N.W.2d 378, 404 n.10 (Iowa 2014) (adopting

---

[1] The United States Supreme Court recently stated "a separate factual finding of permanent incorrigibility is not required before a sentencer imposes a life-without-parole sentence on a murderer under 18" and "*Miller* did not even hint at requiring an on-the-record sentencing explanation with an implicit finding of permanent incorrigibility." *Jones v. Mississippi*, 141 S. Ct. 1307, 1318–20 (2021). *Jones* did not alter the factors to be considered in sentencing a juvenile.

the *Miller* factors for resentencing of juvenile offenders subject to seventy percent of the period of incarceration).

The district court thoroughly applied each of the *Lyle* factors before imposing the mandatory minimum sentence on the robbery count. The court considered the views of dueling experts, finding "some shortcomings with both." The court also considered the support Jimenez received from his foster and adoptive parent, who was his strongest advocate from the time he was ten. The court recognized that her commitment to Jimenez could not erase the trauma of his early childhood but found countervailing factors favored imposition of the mandatory minimum sentence.

We discern no abuse of discretion in the court's application of the juvenile sentencing factors. Jimenez's sentence is affirmed.

**AFFIRMED.**